# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                                   No. 21-cr-00315 KWR

BRADLEY BATES,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Challenge to Grand Jury Pursuant to Fed. R. Crim. P. 6(b)(1), (2), filed on January 4, 2024. (Doc. 53), and Defendant's Motion to Hold in Abeyance and Motion for Judicial Notice (Doc. 57). Defendant was initially indicted with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).   Subsequently, on May 19, 2021, Defendant pled guilty to two felony offenses, (1) the § 922(g)(1) offense and (2) by way of information, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Although the methamphetamine charge was not presented to a grand jury, Defendant signed a waiver of the presentation, Doc. 30, and pled guilty, Doc. 33. Defendant was sentenced, and judgment was entered on October 4, 2021.   Defendant did not appeal.

Now, well over two years after judgment was entered, Defendant filed a motion challenging the grand jury's indictment under Fed. R. Crim. P. 6(b). Although Defendant asserts he challenges the indictment issued by the grand jury, in substance he challenges the Court's subject matter jurisdiction over the criminal offenses in this case.

Defendant also filed a petition for a writ of mandamus with the Tenth Circuit Court of Appeals.   Generally, a petition for writ of mandamus does not divest a district court of jurisdiction or discretion to rule on a motion. *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022) ("But the filing of a mandamus petition didn't divest the district court of jurisdiction."), *cert. denied,* 143 S. Ct. 1022, 215 L. Ed. 2d 189 (2023).   Moreover, the Court may rule on some motions while an appeal is pending pursuant to Fed. R. Crim. P. 37.

District courts do not have inherent powers to correct criminal judgments.   *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).   The Court can only "modify a Defendant's sentence [or judgment] … in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.* There is no authority granting the district court jurisdiction to dismiss one or more counts in an indictment once the judgment is entered. Defendant must challenge his conviction under 28 U.S.C. § 2255, which is the proper statutory vehicle for seeking relief at this stage. *See Hale v. Fox,* 829 F.3d 1162, 1165 (10th Cir. 2016) ("A § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal."); *United States v. Mata-Soto*, 861 Fed. App'x 251, 255 (10th Cir. 2021) (noting "the proper vehicle to raise … arguments" about the indictment and defendant's federal conviction "was a motion to vacate his conviction and sentence under 28 U.S.C. § 2255"). Because Defendant has not filed a § 2255 motion, the Court will deny his motion without prejudice to filing a § 2255 motion.

Defendant is warned that if he files a § 2255 motion, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive'" habeas claims.   *Castro v. United States*, 540 U.S. 375, 376.

Moreover, Defendant is warned that his asserted grounds for dismissing the indictment do not appear meritorious.[1] Defendant asserts that the court lacked jurisdiction in this case. The court clearly had jurisdiction to enter judgment in this case, which involved violations of federal law. "In every federal criminal prosecution [subject-matter jurisdiction] comes from 18 U.S.C. § 3231, ... That's the beginning and the end of the 'jurisdictional' inquiry." *United States v. Tony*, 637 F.3d 1153, 1158 (10th Cir. 2011) (citation omitted). Section 3231 states in relevant part "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." *Id.*  Here, Defendant was charged with, pled guilty to, and was convicted of, two federal offenses, violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 21 U.S.C. § 841(a)(1), (b)(1)(C) (possession with intent to distribute methamphetamine).   Therefore, the Court had subject matter jurisdiction over this criminal case.

Alternatively, Defendant also moves to dismiss the indictment under Fed. R. Crim P. 6(b)(1), (2). Under that rule, a Defendant may challenge the grand jury on the ground it was not lawfully drawn, summoned, or selected.  Fed. R. Crim. P. 6(b)(1).  A defendant may move to dismiss an indictment on one of those grounds, but the motion is governed by 28 U.S.C. §1867(e). *Id.*, Rule 6(b)(2).  Here, Defendant does not specifically explain how the grand jury was not lawfully drawn, summoned, or selected, aside from his theory that the court lacks subject matter jurisdiction.  As explained above, this court clearly has subject matter jurisdiction over these federal criminal offenses. Moreover, section 1867(a) provides that a defendant may move to

---

[1] Any § 2255 motion would also likely be untimely.  A § 2255 motion was due within one year of the conviction becoming final.  *Id.* § 2255(f). The judgment was entered on October 4, 2021. Defendant had fourteen days therefrom to file an appeal.  His conviction became final on or about October 18, 2021. This motion was filed more than two years after his conviction became final.  Nothing in the record suggests that some extraordinary doctrine, like equitable tolling, should apply. Therefore, there is nothing in the record to suggest that the Court should *sua sponte* recharacterize his motion to preserve his right to file a § 2255 motion under the statute of limitations.

3

dismiss an indictment within seven days after the defendant discovered or could have discovered a "substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 18 U.S.C. § 1867(a).   Here, Defendant does not give any facts suggesting that his motion to dismiss the indictment, filed more than 2 years after judgment was entered, is timely.   Therefore, if Defendant files a § 2255 motion, he is warned that his asserted bases for relief do not appear meritorious.

Defendant also requests that the Court "hold in abeyance" its ruling pending the outcome of the petition for writ of mandamus.   District courts must consider four factors when deciding whether to stay an order pending appeal: (1) whether the stay applicant has made a strong showing that they are likely to succeed on appeal; (2) whether the stay applicant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) whether public interest weighs in favor of granting or denying the stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).   Here, Defendant has not demonstrated that any of these factors warrant a stay here. The Court finds that Defendant has not demonstrated a strong showing of success in his petition for writ of mandamus, and he has not demonstrated irreparable harm.

Defendant requests the Court take judicial notice of a § 2241 habeas proceeding in the Western District of Texas, which he asserts was dismissed for lack of jurisdiction. *See Bates v. Warden et al.,* 3:23-cv-00430 KC, Doc. 8 (W.D. Tex. January 10, 2024) (order dismissing 2241 habeas proceeding for lack of jurisdiction). He believes that case provides evidence that this court lacked jurisdiction over his federal criminal case. The Court disagrees.   The dismissal of the § 2241 habeas proceeding for lack of jurisdiction has no bearing on whether this court had subject

matter jurisdiction over this federal criminal case. That other case merely noted that generally a defendant cannot challenge the validity of a conviction under § 2241. *Id.* at 3-4.

Therefore, the Court will deny his motion without prejudice to seeking relief under § 2255.

**IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 53) is **DENIED** without prejudice to filing a § 2255 motion.

**IT IS FURTHER ORDERED** that Defendant's Motion to Hold in Abeyance (Doc. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Defendant's motion to dismiss indictment may be construed as a motion under 28 U.S.C. § 2255, he is denied a certificate of appealability.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

5